AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### ~~FILED~~

for the

District of Connecticut

2013 JUL 24 A 8: 10

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Jason OLIVIERA | ) | |
| | ) | 3:13 mj 233 (w/G) |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___March 1, 2013 to July 23, 2013___ in the county of ___Fairfield___ in the _____ District of ___Connecticut___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC Sec. 846 | Conspiracy to Possess with Intent to Distribute Oxycodone |

This criminal complaint is based on these facts:

see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Dana Mofenson, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __7/24/13__

/s/ William I. Garfinkel, USMJ
_____
*Judge's signature*

City and state:          Bridgeport, CT

Hon. William I. Garfinkel
*Printed name and title*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2013 JUL 24 I A 8: 10

STATE OF CONNECTICUT          :
                              :
                              :      ss: Bridgeport, July 24, 2013
                              :
COUNTY OF FAIRFIELD           :

US. DISTRICT COURT
BRIDGEPORT, CONN

<u>AFFIDAVIT</u>

I, Dana Mofenson, having been duly sworn, do hereby state:

## I.  INTRODUCTION

1.      I am a Special Agent with the Drug Enforcement Administration ("DEA") and

have been so employed since August 2004.  Since becoming a Special Agent, I have participated

in numerous criminal investigations, including investigations into suspected narcotics trafficking.

I am currently assigned to the DEA New Haven Tactical Diversion Squad, which investigates the

trafficking of licit pharmaceutical controlled substances.  Prior to that, I was assigned for eight

years to the DEA High Intensity Drug Trafficking Area (HIDTA) Task Force (hereinafter

referred to as "Task Force"), which investigates those drug organizations believed to have the

greatest adverse impact on the Bridgeport area.  During my assignment to the Task Force, I have

prepared numerous affidavits in support of applications for federal search warrants, arrest

warrants and pen register authorizations.  These affidavits also were prepared in support of the

interception of electronic communications.  These affidavits and applications have resulted in the

conviction of numerous defendants for violations of federal and state narcotics laws.

2.      I am an investigative or law enforcement officer of the United States within the

meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to

1



conduct investigations and to make arrests for federal felony offenses. I am a participating member of the Task Force, which is comprised of personnel from the Drug Enforcement Administration, Greenwich Police Department, Hamden Police Department, and West Hartford Police Department.

3.      This affidavit is submitted in support of a criminal complaint for David WOLVOVSKY and Jason OLIVIERA, who were arrested without a warrant on July 23, 2013, for the charges identified herein. This affidavit is based on my personal knowledge and upon information provided to me by other law enforcement officers and agents. This affidavit is not intended to set forth all of the information that I and other law enforcement personnel have learned during this investigation. Rather, it sets forth only those facts which I believe are necessary and sufficient to establish that probable cause exists to support the criminal complaint to charge WOLVOVSKY and OLIVIERA with conspiracy to possess with intent to distribute oxycodone, in violation of Title 21, United States Code, Section 846.

## II.  PROBABLE CAUSE

4.      David WOLVOVSKY is a Traffic Agent with the Westport Police Department.

5.      Jason OLIVIERA runs a boat chartering business, "Jayhova Charters," based in Bridgeport, Connecticut.

6.      In mid-July 2013, Homeland Security Investigations ("HIS") received information that a tableting machine had been ordered from China to be delivered to "David WOLVOVSKY at 1023 Hulls Hwy South, Port Fairfield, Connecticut." An internet search of WOLVOVSKY's name revealed a solicitation to purchase oxycodone powder.

7.      On July 23, 2013, I made two attempts to contact the residence but received no

2



answer.  Around 2 p.m. I left the package addressed to WOLVOVSKY next to a Chevrolet

Tahoe, registered  to a business of WOLVOVSKY, that was parked in the driveway.  Fellow

agents maintained surveillance on the package.

8.      Some time later, surveillance observed a Mercedes, which was later learned to

belong to OLIVIERA, drive up to WOLVOVSKY's house.  WOLVOVSKY and OLIVIERA

exited the Mercedes, picked up the package and, together, brought the package to the porch.

9.      As DEA and HSI agents approached the porch, OLIVIERA began to move toward

his Mercedes.

10.      WOLVOVSKY signed a Miranda waiver and a consent to search his house.

11.      WOLVOVSKY stated that he had searched the internet during the last few

months to purchase oxycodone powder.  WOLVOVSKY stated that he purchased the tablet

making machine from China through an individual he had met on the internet.  WOLVOVSKY

had also purchased what he had believed to be a large quantity oxycodone powder from the same

individual.  WOLVOVSKY stated that OLIVIERA had a buyer in Fairfield County that wanted

to purchase 10,000 pills at $13 per pill.  WOLVOVSKY stated that before the tablet making

machine had arrived he had tested the oxycodone powder and had determined that it was not true

oxycodone powder.  OLIVIERA's Fairfield County buyer stated that he/she would be willing to

purchase some fake pills to resell.

12.      A search of WOLVOVSKY's house revealed a D.H.L. package with over a

kilogram of white powder inside.  Also found were opiate test kits, packaging materials, tablet

dying/imprinting machinery, and currency in a safe, which WOLVOVSKY claimed to be "at

least" $10,000, and suspected cocaine and marijuana residue.  Another approximate $800 in cash



was found in a jacket located in WOLVOVSKY's bedroom.

13.    OLIVIERA stated that he knew nothing about any illegal activity.  A search of OLIVIERA's left short pocket revealed a zip-lock bag which contained 93 30-milligram oxycodone pills.

### III. CONCLUSION

14.    On the basis of the foregoing, there is probable cause to believe, and I do believe, that from in or about March 2013 to on or about July 23, 2013, WOLVOVSKY and OLIVIERA, together and with others known and unknown, conspired to possess with intent to distribute oxycodone, in violation of Title 21, United States Code, Section 846.

_____
DANA MOFENSON
SPECIAL AGENT, DEA

Subscribed and Sworn to before me
this 24ᵗʰ day of July, 2013.

/s/ William I. Garfinkel, USMJ
_____
THE HON. WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

4

